[Civ. No. 647. Third Appellate District.—October 22, 1909.]

ELMER E. PARMELEE et al., Respondents, v. ALFRED DIXON et al., Appellants.

WATER RIGHTS AND DITCH—ACTION TO QUIET TITLE—ISSUE AS TO ABANDONMENT AND SURRENDER OF PLAINTIFFS' RIGHTS—SUPPORT OF FINDINGS.—In an action to quiet title to a ditch and water rights, where issue was joined by the answer as to the abandonment and surrender of plaintiffs' rights prior to defendants' appropriation and adverse use of the same, and the findings were in favor of the plaintiffs and against the defendants, the findings were sufficiently supported by evidence that for forty years prior to defendants' adverse claim plaintiffs and their predecessors had used the same in working mines now owned by the plaintiffs, using more at some times than others, but claiming and using the whole, without disuse for such a period as to justify an inference that there was any abandonment or surrender of such rights or intention to do so, notwithstanding conflicting evidence for the defendants.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial. John F. Ellison, Judge presiding.

The facts are stated in the opinion of the court.

Tuttle & Tuttle, and Tabor & Tabor, for Appellants.

John M. Fulweiler, for Respondents.

CHIPMAN, P. J.—Action to quiet title to a certain ditch and the water flowing therein. Plaintiffs had judgment,

from which and from the order denying their motion for a new trial defendants appeal.

The ditch in question, known as the Bradford ditch, taking its water from what is known as Grouse canyon, has been in use for over forty years, in operating the mines now owned by plaintiffs. Defendants allege the ownership of mines adjacent to the Bradford ditch intermediate its head and plaintiff's mines. In September, 1904, defendants posted a notice of location of the waters of Grouse canyon and appropriated and took possession of a portion of the Bradford ditch, claiming that plaintiffs for more than twelve years immediately preceding said location "have failed and neglected to cause any water to run through the said Bradford ditch as described in their complaint, and have failed and neglected, for said period, to keep said ditch in repair so that water could flow through the same, and have abandoned said water right and the said ditch."

The court made findings in favor of plaintiffs and negativing the averments of the answer. There was evidence of the use of the water of Grouse canyon by means of the Bradford ditch as early as 1860 by plaintiffs and their predecessors in estate down to 1904, when defendants initiated their claim, took possession of the ditch and deprived plaintiffs of the use of the water. There were years when all the water flowing in the canyon was used by plaintiffs and other years when they did not use all of it. Some years the full flow at low water was all required for hydraulicking and others only a part when the mine was operated by drifting, but it was all claimed and used, and there was no evidence of abandonment or disuse for such period as would justify the inference that plaintiffs or their predecessors had surrendered their rights to the water or the ditch, or intended so to do. The case presents no question of law requiring notice. Upon some points there is conflict in the evidence, but a careful reading of the record discloses ample support for the findings. No useful purpose would be subserved by stating the evidence.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.